UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMANTHA GOULET,

    Plaintiff,

v.

TRINITY HEALTH
CORPORATION,

    Defendant.

Case No. 5:21-cv-11049
District Judge Judith E. Levy
Magistrate Judge Kimberly G. Altman

_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 10)

### I. Introduction

This is a Family and Medical Leave Act (FMLA) case. Plaintiff Samantha Goulet, proceeding *pro se*, sued defendant Trinity Health Corporation (Trinity) in the Oakland County Circuit Court, and Trinity removed the matter to federal court based on the amended complaint's allegations under FMLA, 29 U.S.C. §2601, *et seq*. (ECF No. 1). Trinity now moves for summary judgment, contending that Goulet was not an eligible employee under FMLA. (ECF No. 10). The motion was referred to the undersigned. (ECF No. 11). Goulet has not responded to Trinity's motion and the time for doing so has passed.

1

For the reasons that follow, the undersigned recommends that Trinity's motion for summary judgment be GRANTED and that this case be DISMISSED.

## II.  Background

In the amended complaint, Goulet alleges that she obtained a prescription for physical therapy on March 23, 2021, requested intermittent FMLA paperwork in order to attend physical therapy sessions, and despite receiving said paperwork, was terminated later that week for attendance issues.  (ECF No. 1, PageID.5).  In moving for summary judgment, Trinity responds that Goulet was hired on November 9, 2020 into an IS Service Desk Support I position and terminated on March 26, 2021, while in a probationary period, for issues including attendance, time management, and failing to meet performance expectations and requirements.  (ECF No. 10, PageID.50).  Trinity's exhibit, Goulet's offer letter from October 20, 2020, corroborates that her start date was November 9, 2020 for the stated position. (*Id.*, PageID.56).  Goulet's own exhibit, the termination latter, shows that she was let go on March 26, 2021.  (ECF No. 1, PageID.7).

## III.  Legal Standard

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is material if it might affect the outcome of the case under governing

law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists...." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); cf. Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.' " *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The fact that Goulet is *pro se* does not reduce her obligations under Rule 56. Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). In addition, "[o]nce a case has progressed to the summary judgment stage, ... 'the liberal pleading standards under *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512-13 (2002) and [the Federal Rules] are inapplicable.' " *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir.

3

2005) (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)).

## IV. Analysis

### A. Failure to Respond

Trinity filed its motion for summary judgment on July 9, 2021. (ECF No. 10). On July 13, 2021, the Court ordered Goulet to respond by August 9, 2021. To date, Goulet has not responded and the time for doing so has long passed. Thus, the motion is unopposed.

However, "[e]ven when faced with an unopposed motion for summary judgment, the district court cannot grant a motion for summary judgment without first considering supporting evidence and determining whether the movant has met its burden." *Byrne v. CSX Transp., Inc.*, 541 F. App'x 672, 675 (2013); *see also Delphi Auto. Sys., LLC v. United Plastics, Inc.*, 418 F. App'x 374, 380-81 (6th Cir. 2011) ("[A] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden." (quoting *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991))). Nonetheless, when a motion for summary judgment is unopposed, "[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record." *Guarino v.*

4

*Brookfield Twp. Trustees*, 980 F.2d 399, 405 (6th Cir. 1992). "The court may rely on the moving party's unrebutted recitation of the evidence in reaching a conclusion that facts are uncontroverted and that there is no genuine issue of material fact." *Jones v. Kimberly-Clark Corp.*, 238 F.3d 421 (6th Cir. 2000).

## B. FMLA

Reading the complaint liberally, Goulet alleges a violation of her entitlement to FMLA as well as a discrimination theory for her termination as a result of requesting FMLA paperwork.

Courts recognize "two distinct theories for recovery under the FMLA: (1) the 'entitlement' or 'interference' theory arising from 29 U.S.C. § 2615(a)(1); and (2) the 'retaliation' or 'discrimination' theory arising from 29 U.S.C. § 2615(a)(2)." *Hoge v. Honda of Am. Mfg., Inc.*, 384 F.3d 238, 244 (6th Cir. 2004). In order to prevail under the interference theory, a plaintiff must prove that: (1) she was an eligible employee, (2) the defendant is defined as an employer under the FMLA, (3) she was entitled to leave under the FMLA, (4) she gave the employer notice of her intent to take leave, and (5) the employer denied her FMLA benefits or interfered with FMLA rights to which she was entitled. *Edgar v. JAC Products, Inc.*, 443 F.3d 501, 507 (6th Cir. 2006).

For a case of discrimination or retaliation, a plaintiff must show that: (1) she was engaged in a statutorily protected activity; (2) the employer knew she was

5

exercising her FMLA rights; (3) she suffered an adverse employment action; and (4) a causal connection existed between the protected FMLA activity and the adverse employment action. *Seeger v. Cincinnati Bell Tel. Co., LLC*, 681 F.3d 274, 283 (6th Cir. 2012). "The burden of proof at the prima facie stage is minimal; all the plaintiff must do is put forth some credible evidence that enables the court to deduce that there is a causal connection between the retaliatory action and the protected activity." *Id.* (quoting *Dixon v. Gonzales*, 481 F.3d 324, 333 (6th Cir. 2007)) (internal quotation marks omitted).

FMLA discrimination and retaliation claims are evaluated under the *McDonnell Douglas* burden-shifting paradigm. *Id.* Once a plaintiff establishes the prima facie elements of a retaliation claim, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for discharging plaintiff. *Id.* at 284. If the defendant can so articulate, "the burden shifts back to the plaintiff to show that the defendant's proffered reason is a pretext for unlawful discrimination." *Bryson v. Regis Corp.*, 498 F.3d 561, 570 (6th Cir. 2007). " '[A] reason cannot ... be a pretext for discrimination unless it is shown both that the reason was false, and that discrimination was the real reason.' " *Seeger*, 681 F.3d at 285 (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993)). In contrast to interference claims, the employer's motive is an integral part of the analysis under the retaliation theory. *Edgar*, 443 F.3d at 508.

6

C. Application

Here, Goulet cannot satisfy the first element of either type of claim. Based on her employment history of well under twelve months with Trinity, she is not an eligible employee under FMLA and thus was not engaged in a statutorily protected activity. An eligible employee is one "who has been employed—(i) for at least 12 months by the employer with respect to whom leave is requested ... and (ii) for at least 1,250 hours of service with such employer during the previous 12-month period." 29 U.S.C. § 2611(2)(A). Goulet's ineligibility "precludes [her] from pursuing an FMLA interference claim." *Davis v. Michigan Bell Tel. Co.*, 543 F.3d 345, 350 (6th Cir. 2008). Similarly, it "is well established in this circuit that if one is not eligible for FMLA leave, one cannot maintain a cause of action for FMLA retaliation." *Banerjee v. Univ. of Tennessee*, 820 F. App'x 322, 327 (6th Cir. 2020) (citing *Davis* at 354); *Humenny v. Genex Corp.*, 390 F.3d 901, 906 (6th Cir. 2004) ("This Court finds that the FMLA's 'eligible employee' requirement applies in all FMLA cases, including retaliation cases."). *See also Staunch v. Cont'l Airlines, Inc.*, 511 F.3d 625, 629 (6th Cir. 2008) ("a FMLA claim cannot be maintained by a plaintiff who was not an 'eligible employee.' ") (citing *Humenny* at 905-906).

Trinity has provided evidence that Goulet's employment began on November 9, 2020, and the parties agree that it ended on March 26, 2021. By

failing to respond to Trinity's motion, the evidence of her start date stands unrefuted. *See Staunch* at 631 ("Continental's evidence showing that Staunch worked less than the requisite 1,250 hours stands unrefuted. Thus, Staunch was not an 'eligible employee' under the FMLA and her FMLA claims fail as a matter of law."). As noted above, where there is no response to a motion for summary judgment, "[t]he court may rely on the moving party's unrebutted recitation of the evidence in reaching a conclusion that facts are uncontroverted and that there is no genuine issue of material fact." *Jones v. Kimberly-Clark Corp.*, 238 F.3d 421 (6th Cir. 2000). Therefore, the undersigned finds that there is no genuine issue of material fact regarding Goulet's eligibility under FMLA, and that she cannot maintain a claim of entitlement, interference, discrimination, or retaliation under the statute.

V.  Conclusion

Accordingly, for the reasons stated above, the undersigned recommends that Trinity's motion for summary judgment be GRANTED and that this case be DISMISSED.

Dated: September 15, 2021  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 15, 2021.

                                                      s/Marie E. Verlinde
                                                     MARIE E. VERLINDE
                                                     Case Manager